IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA

Terrance L. Smalls,

Petitioner,

v.

Warden FCI Edgefield,

Respondent.

C/A No.: 5:25-cv-13192-SAL

**ORDER**

Terrance L. Smalls ("Smalls") is a federal prisoner currently housed at the Federal Correctional Institution in Edgefield, South Carolina. He brings this habeas action under 28 U.S.C. § 2241, challenging the Bureau of Prison's ("BOP") calculation and application of his earned time credits under the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194. [ECF No. 1.] This matter is currently before the court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Kaymani D. West. [ECF No. 27.] Magistrate Judge West recommends that the court grant the Government's motion for summary judgment,[1] ECF No. 20, and dismiss Smalls's petition because his claims are not ripe for adjudication. For the reasons explained below, the court adopts the Report in full, grants the Government's motion for summary judgment, and denies Smalls's motion to appoint counsel, ECF No. 2.

[1] The Government styles its filing as a "Response to Petition and Motion to Dismiss, or in the Alternative[,] for Summary Judgment." But because the Government submitted a supporting declaration with attachments, the court construes the motion as one for summary judgment only. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

# I. BACKGROUND

## A. Statutory Background

The FSA affords federal prisoners the opportunity to earn time credits by "successfully complet[ing] evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A). Prisoners can earn up to 15 days of time credits "for every 30 days of successful participation" in such programs, depending on their assessed risk of recidivism. *Id.* § 3632(d)(4)(A)(i)–(ii). These time credits "shall be applied toward time in prerelease custody or supervised release," and the BOP "shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." *Id.* § 3632(d)(4)(C). Section 3624(g), in turn, defines an "eligible prisoner[]" as one who "has earned time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." *Id.* § 3624(g)(1)(A); *see also Nicoletti v. Bayless*, No. 24-6012, 2025 WL 80294, at *1 (4th Cir. Jan. 13, 2025) ("[E]arned time credits can only be applied toward supervised release or prerelease custody when an inmate has earned time credits that equal the remainder of his sentence.").

## B. Factual Background

Smalls is currently serving a 480-month sentence for his role in a drug-trafficking conspiracy. *See* Amended Judgment, *United States v. Smalls*, No. 9:98-cr-322-27 (D.S.C. Aug. 25, 2005), ECF No. 878. According to the most recent FSA time credit assessment provided to the court, Smalls had earned 1,245 credits as of December 23, 2025.[2] [ECF No. 20-1 at 14.] The BOP anticipates applying 365 of those credits toward Smalls's early transfer to supervised release—the

[2] It is quite likely that Smalls has earned additional FSA time credits since this last assessment. Nevertheless, any additional credits earned would not affect the outcome of his petition. Even assuming Smalls earned the maximum allowable rate of 15 days of credit for every 30 days of programming between December 23, 2025, and the present, the time remaining on his sentence would still substantially exceed the total number of credits earned.

maximum allowed under the FSA—which would advance his projected release date from February 23, 2033, to February 24, 2032. *Id.* at 14, 15; *see also* 18 U.S.C. § 3624(g)(3) ("[T]he Director of the [BOP] may transfer [a] prisoner to begin [a] term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632."). The remaining 880 credits are designated to be applied toward his early transfer to prerelease custody. [ECF No. 20-1 at 14.]

Smalls filed the instant § 2241 petition on October 21, 2025. [ECF No. 1.] He asserts that the BOP has failed to account for 660 "projected" time credits he anticipates he *will earn* while in prerelease custody. [ECF No. 2 at 3, 12, 17.] He asks that the court order the BOP to apply these not-yet-earned time credits now to advance the date of his transfer to prerelease custody. *Id.* at 17.

The Government moved for summary judgment on January 6, 2026. [ECF No. 20.] Citing § 3624(g)(1)(A), it argues that Smalls's petition is premature because he is not yet eligible for application of FSA time credits since he has not earned enough credits to equal the remainder of his sentence. *Id.* at 6–9.

On July 8, 2026, Magistrate Judge West issued the Report, agreeing with the Government and recommending that the court dismiss the petition as unripe. [ECF No. 27.] Smalls objected to the Report on July 23, 2026. [ECF No. 29.] The Government did not file a response, and the time to do so has passed.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 2241

"Section 2241 bestows upon district courts the power to grant habeas corpus relief to a 'prisoner' who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *In re Wright*, 826 F.3d 774, 778 (4th Cir. 2016) (quoting 28 U.S.C. § 2241(a), (c)(3)).

Challenges to "the computation and execution of [a] sentence rather than the sentence itself" are properly brought under § 2241. *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *see also Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015) (explaining that "a federal prisoner must challenge the execution of a sentence under 28 U.S.C. § 2241, and the sentence itself under 28 U.S.C. § 2255").

**B. Summary Judgment**

Summary judgment is appropriate in habeas proceedings, as in other civil cases, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also id.* 81(a)(4). A dispute is "genuine" if it "may reasonably be resolved in favor of either party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986), while a fact is "material" if it "might affect the outcome of the suit under the governing law," *id.* at 248. When considering a motion for summary judgment, the court views "all facts and reasonable inferences in the light most favorable to the nonmoving party." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020). To withstand summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

**C. Review of a Report and Recommendation**

A report and recommendation carries no "presumptive weight," and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court reviews de novo "those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "recommit the matter . . . with instructions." 28 U.S.C. § 636(b)(1). "To

trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). In the absence of specific objections, the court need only review for clear error, *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the report, *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## III. DISCUSSION

In objecting to the Report, Smalls primarily takes issue with the BOP's and magistrate judge's interpretation of § 3624(g)(1)(A). In his view, the calculation of when FSA time credits are "equal to the remainder of the prisoner's imposed term of imprisonment" must include both credits already earned in secure custody and those the prisoner is projected to earn during prerelease custody. [ECF No. 29 at 2.] He insists that any other interpretation would conflict with § 3632(d)(4)(C)'s command that time credits "shall be applied." *Id.* at 2–3; *see also* ECF No. 2 at 10 ("To avoid any violations of 3632(d)(4)(C) any earnings of [time credits] while in institutional custody, and all earnings while serving in prerelease custody must be projected, calculated, totaled in combination, and applied prior to Smalls entering [prerelease] custody.").

This argument is without merit. Only "*earned*" time credits can be "applied toward time in prerelease custody." 18 U.S.C. § 3632(d)(4)(C) (emphasis added); *see also id.* § 3624(g)(1)(A) (conditioning the application of time credits on whether the prisoner "*has earned*" enough credits to "equal . . . the remainder of the prisoner's imposed term of imprisonment" (emphasis added)). "Any FSA credits that [Smalls] might earn in the future while in prerelease custody remain hypothetical and are therefore not 'earned.'" *Cullar v. Warden, FCI Sandstone*, No. 25-2916

(JRT/DLM), 2026 WL 1398633, at *3 (D. Minn. May 19, 2026); *see also, e.g.*, *Bolze v. Warden, FCC Coleman – Low*, No. 25-12545, 2026 U.S. App. LEXIS 6581, at *2 (11th Cir. Mar. 4, 2026) ("[A]ny issue regarding the BOP's calculation of his prospective FSA credits is irrelevant, because prospective FSA credits have not been 'earned,' and cannot make a prisoner eligible for early prerelease custody or supervised release."); *Duke v. Warden, FCI Greenville*, 832 F. Supp. 3d 853, 856 (S.D. Ill. 2026) ("[Petitioner] is asking the Court to apply credits *she has not yet earned*. The First Step Act does not permit this. Under the statute, [time credits] may be applied only after they are actually earned." (internal quotation marks omitted) (emphasis in original)); *Novak v. Marshall*, No. 3:25-CV-02021-S-BW, 2026 WL 1192631, at *3 (N.D. Tex. Mar. 27, 2026) ("The FSA requires that credits be *earned* before they may be applied. There is no authority permitting the BOP to apply anticipated future credits." (internal citation omitted) (emphasis in original)), *report and recommendation adopted*, 2026 WL 1192625 (N.D. Tex. Apr. 30, 2026).

Smalls also claims that the magistrate judge failed to address his "alternative" request that the BOP be "instruct[ed]" "to implement provisions that will allow [time credits earned in prerelease custody] to be applicable." ECF No. 26 at 11; *see also* ECF No. 29 at 5. Setting aside any issues of ripeness, the court cannot grant Smalls the relief he requests. To the extent Smalls is asking the court to order the BOP to apply credits he expects to earn in prerelease custody to hasten his transfer to prerelease custody, that request fails for the same reason discussed above: the FSA does not authorize the BOP to credit him for programming he has not yet completed. And to the extent he seeks to have more than 365 days of credits applied toward his transfer to supervised release, that request is foreclosed by § 3624(g)(3).

Finally, the court denies Smalls's motion to appoint counsel. [ECF No. 2.] The decision to appoint counsel in a civil suit is within the court's discretion, and the court abuses its discretion

only "where the case . . . presents exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989). Whether exceptional circumstances exist "hinges on [the] characteristics of the claim and the litigant." *Id.* Here, the issues presented by Smalls's petition are not particularly complex. And although the court has ultimately ruled against him on the merits, he has proved capable of articulating his arguments and responding to those advanced by the Government. Thus, this case does not present exceptional circumstances warranting the appointment of counsel. *See United States v. Holley*, 179 F.4th 985, 992 (4th Cir. 2026) (finding no exceptional circumstances where the defendant's "motion ably articulated the relevant legal and factual bases for his claim").

## IV. CONCLUSION

Based on the foregoing, the court **ADOPTS** the Report, ECF No. 27, **GRANTS** the Government's motion for summary judgment, ECF No. 20, and **DENIES** Smalls's motion to appoint counsel, ECF No. 2. Smalls's petition for habeas relief under § 2241 is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Sherri A. Lydon

August 31, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge